IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAYNA OLSON,

    Plaintiff,

v.                                         No. 1:23-cv-00594-SCY-KK

POLARIS INDUSTRIES, INC.

    Defendant.

## POLARIS INDUSTRIES, INC.'S ANSWER TO COMPLAINT

Pursuant to the Federal Rules of Civil Procedure, Defendant Polaris Industries Inc., misnamed "Polaris Industries, Inc., files its Answer to Plaintiff Shayna Olson's Complaint as follows:

## INTRODUCTION

1. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies the allegations in Paragraph 1.

2. Polaris avers that it is a Delaware corporation authorized to do business in the State of New Mexico.

3. Polaris was made aware of the allegations of Paragraph 3, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore denies the allegations in Paragraph 3.

4. Based on Plaintiff's allegations, Polaris admits that the United States District Court for the District of New Mexico has personal and subject matter jurisdiction over Polaris.

5. The allegations of Paragraph 5 consist of legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations of Paragraph 5.

4137713.1

6. The allegations of Paragraph 6 consist of legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations of Paragraph 6.

## FACTUAL ALLEGATIONS

7. The allegations of Paragraph 7 consist of legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations of Paragraph 7.

8. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 and therefore denies the allegations in Paragraph 8.

9. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore denies the allegations in Paragraph 9.

10. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore denies the allegations in Paragraph 10.

11. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and therefore denies the allegations in Paragraph 11.

12. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the allegations in Paragraph 12.

13. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and therefore denies the allegations in Paragraph 13.

14. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and therefore denies the allegations in Paragraph 14.

15. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 and therefore denies the allegations in Paragraph 15.

16. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 and therefore denies the allegations in Paragraph 16.

17. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore denies the allegations in Paragraph 17.

18. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 regarding Plaintiff's actions. Polaris denies the remaining allegations in Paragraph 18.

## FIRST CAUSE OF ACTION – STRICT PRODUCTS LIABILITY

19. Polaris incorporates by reference as if fully set forth herein its responses to each and every allegation set forth above.

20. Polaris admits only that it designs, manufactures, engineers, develops, tests and markets Polaris RZRs, in part. Polaris denies the remaining allegations of Paragraph 20.

21. Polaris admits only that it designed and manufactured the vehicle at issue in part. Polaris denies the remaining allegations of Paragraph 21.

22. The allegations of Paragraph 22 consist of legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations in Paragraph 22.

23. Polaris denies the allegations in Paragraph 23.

24. Polaris denies the allegations in Paragraph 24.

25. Polaris denies the allegations in Paragraph 25.

26. Polaris denies the allegations in Paragraph 26.

27. Polaris denies the allegations in Paragraph 27.

28. Polaris denies the allegations in Paragraph 28.

29. Polaris denies the allegations in Paragraph 29.

30. Polaris denies the allegations in Paragraph 30.

31. Polaris denies the allegations in Paragraph 31.

32. Polaris denies the allegations in Paragraph 32.

33. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 and therefore denies the allegations in Paragraph 33.

34. Polaris denies the allegations in Paragraph 34.

35. Polaris denies the allegations in Paragraph 35.

36. Polaris denies the allegations in Paragraph 36.

37. Polaris denies the allegations in Paragraph 37.

38. Polaris denies the allegations in Paragraph 38.

39. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and therefore denies the allegations in Paragraph 39.

40. Polaris denies the allegations in Paragraph 40.

41. Polaris denies the allegations in Paragraph 41.

42. Polaris denies the allegations in Paragraph 42.

43. Polaris denies the allegations in Paragraph 43.

## **SECOND CAUSE OF ACTION -- NEGLIGENCE**

44. Polaris incorporates by reference as if fully set forth herein its responses to each and every allegation set forth above.

45. Polaris admits only that it designs, manufactures, engineers, develops, tests and markets Polaris RZRs, in part. Polaris denies the remaining allegations of Paragraph 45.

46. Polaris denies the allegations in Paragraph 46.

47. Polaris denies the allegations in Paragraph 47.

48. The allegations of Paragraph 48 consist of legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations in Paragraph 48.

49. Polaris denies the allegations in Paragraph 49.

50. The allegations of Paragraph 50 consist of legal conclusions to which no response is required. To the extent a response is required, Polaris denies the allegations in Paragraph 50.

51. Polaris denies the allegations in Paragraph 51.

52. Polaris lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 and therefore denies the allegations in Paragraph 52.

53. Polaris denies the allegations in Paragraph 53.

54. Polaris denies the allegations in Paragraph 54.

55. Polaris denies the allegations in Paragraph 55.

**THIRD CAUSE OF ACTION – VIOLATIONS OF THE UNFAIR PRACTICES ACT**

56. Polaris incorporates by reference as if fully set forth herein its responses to each and every allegation set forth above.

57. Polaris admits only that the Statute referenced in Paragraph 57 speaks for itself.

58. Polaris denies the allegations of Paragraph 58.

59. Polaris denies the allegations of Paragraph 59.

60. Polaris denies the allegations of Paragraph 60.

61. Polaris denies the allegations of Paragraph 61.

62. Polaris denies the allegations of Paragraph 62.

63. Polaris denies the allegations of Paragraph 63.

64. Polaris denies the allegations of Paragraph 64.

65. The allegations of Paragraph 65 consist of legal conclusions to which no response is required. To the extent that a response is required, Polaris denies the allegations of Paragraph 65.

WHEREFORE, Polaris denies all statements and allegations contained in Plaintiff's Complaint that have not otherwise been responded to above and denies that Plaintiff is entitled to the relief sought in her prayer for relief.

## AFFIRMATIVE DEFENSES

66. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were the proximate result of an independent, intervening, or superseding causal force.

67. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages were caused by the unforeseen modifications or alteration of the product described in the Complaint by persons or entities from whom Polaris is not responsible.

68. Plaintiffs' claims are barred, in whole or in part, to the extent the accident in question was caused by the unforeseen wrongful and negligent acts of third parties.

69. Plaintiffs' claims are barred, in whole or in part, to the extent the RZR at issue was being misused, abused, and/or not used in the manner and for the purpose that it was intended to be used. Such unintended, unreasonable, and/or unauthorized use, misuse, abuse, and failure to follow instructions proximately caused and contributed to Plaintiff's alleged injuries and damages, if any.

70. Any recovery Plaintiff may have against Polaris for Plaintiff's alleged injuries must be proportionately reduced in accordance with the fault of Plaintiff or of third persons or parties over whose conduct Polaris had no control, consistent with the principles of comparative fault or proportionate responsibility.

71. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries were the result of conduct of Plaintiff, other parties, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening, and superseding causes of the alleged injuries.

72. Polaris states that because the Polaris RZR complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States and the State of New Mexico—including all applicable ANSI/SVIA/ROHVA regulations—Plaintiff's claims are barred.

73. Polaris reserves the right to assert additional affirmative defenses discovered or of which it may become aware as this matter proceeds.

## CONCLUSION

WHEREFORE, Defendant Polaris Industries Inc. requests that upon final hearing on this matter, Plaintiff be granted nothing, that judgment be entered against Plaintiff, and that the Court grant such other and further relief to which Defendant may be justly entitled including attorneys' fees and costs.

Dated: July 27, 2023.                    Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By:  /s/ Jeffrey R. Taylor
        Jeffrey R. Taylor
Post Office Box 1888
Albuquerque, New Mexico 87103
Telephone:(505) 765-5900
rtaylor@rodey.com

*Attorneys for Defendant Polaris Industries, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the July 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Damon J. Hudson
    Singleton Schreiber, LLP
    Attorney for Plaintiff
    643 Hwy 314 NW
    Los Lunas, NM  87031
    dhudson@singletonschreiber.com

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.


By:    */s/ Jeffrey R. Taylor*
        Jeffrey R. Taylor